**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Keith Milam**, | : | Case No. 1:10 CV 936 |
| Petitioner, | : | |
| vs. | : | |
| **Warden North Central Correctional Institution**, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Respondent. | : | |

Pursuant to 72.2(b)(2) of the UNITED STATE DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES, this case was automatically referred to the undersigned Magistrate Judge for report and recommendation. Pending are Petitioner's Petition for Writ of Habeas Corpus file pursuant to 28 U. S. C. § 2254, Respondent's Answer/Return of Writ and Petitioner's Traverse (Docket Nos. 1, 6 & 8). For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus.

### I. BACKGROUND.

**A.   INDICTMENT, CONVICTION AND SENTENCING.**

During the January 2004 term, the grand jurors of Cuyahoga County, Ohio, entered a ten-count indictment that included seven counts of rape, a violation of OHIO REV. CODE § 2907.02 and three counts

of gross sexual imposition, a violation of OHIO REV. CODE § 2907.05 (Docket No. 6, Attachment 2, pp. 1-10 of 215). The jury returned a verdict of guilty on all ten counts of the indictment (Docket No. 6, Attachment 2, p. 11 of 215). On March 18, 2005, Judge Thomas J. Pokorny imposed a sentence of eight years on each of the first seven counts and three years each on counts eight through ten with the sentence for all counts to run concurrently with each other (Docket No. 6, Attachment 1, p. 12 of 215).

**B.    DIRECT APPEAL.**

Petitioner filed a notice of appeal on April 18, 2005 (Docket 6, Attachment 1, p. 13 of 215). Petitioner asserted twelve assignments of error:

1. The underlying conviction for rape was not supported by sufficient evidence as no evidence regarding force or threat of force was presented.

2. The underlying conviction for gross sexual imposition was not supported by sufficient evidence of force or threat of force.

3. The trial court committed plain error when it provided the juror with the wrong definition of "force."

4. The trial court erred in providing the *Eskridge* definition of force as petitioner was not a parental figure or in a position of authority.

5. Trial counsel was ineffective for failing to object to the definition of force given to the jurors.

6. Trial counsel was ineffective for imploring the jurors to find Petitioner guilty.

7. The state failed to provide by clear and convincing evidence that Petitioner "is likely to engage in the future in one or more sexually oriented offenses."

8. The trial court erred in failing to make a finding regarding Petitioner's status as a potential habitual sexual offender.

9. The trial court erred in sentencing Petitioner to a term of incarceration beyond the minimum where Petitioner never served a prior term of incarceration and the fact was not found beyond a reasonable doubt by a jury.

10. Petitioner was denied effective assistance of counsel by counsel's failure to keep

      improper victim impact testimony out of the trial.

11.     The trial court erred in not granting Petitioner's motion to dismiss for lack of a speedy trial.

12.     The prosecutor violated Petitioner's due process rights and committed prosecutorial misconduct.

(Docket No. 6, Attachment 1, pp. 24-28 of 215).

On September 25, 2006, the Court of Appeals for the Eighth Judicial District journalized a judgment and in it summarily found that the events giving rise to Petitioner's convictions occurred between August 2002 and January 2004, during which time Petitioner befriended his teenage son's close friend, the victim. Eventually, the victim relayed Petitioner's actions to others. *State v. Milam*, 2006 WL 2639448, * 1 (2006) (unreported). The appellate court affirmed in part and reversed in part the trial court's judgment (Docket No. 6, Attachment 1, p. 161 of 215). Specifically, the court of appeals overruled the first through the sixth, tenth, eleventh and twelfth assignments of error; sustained the seventh, eighth and ninth assignments of error; vacated the finding that Petitioner was a sexual predator, remanded the case to the trial court to ascertain if Petitioner was a habitual sexual offender; and remanded the case to the trial court for resentencing under the statutory scheme in *State v. Foster,* 109 Ohio St. 3d 1 (2006) (Docket No. 6, Attachment 1, pp. 161-212 of 215).

## C.    APPEAL TO THE SUPREME COURT OF OHIO.

Petitioner filed a notice of appeal in the Supreme Court on November 9, 2006 (Docket No. 6, Attachment 2, p. 1 of 177). In the memorandum in support of jurisdiction, Petitioner raised four propositions of law:

1.     The *Eskridge/Dye* definition of force instruction does not apply when the victim is thirteen or older.

2.     Whether a defendant holds a position of authority over an alleged victim, thus triggering

       the *Eskridge* jury instruction, is an issue of fact that must be presented to and decided by the jury.

3.     Prejudice is plain where the state elicits, over defense objection, irrelevant victim impact testimony.

4.     The accumulation of several improper statements by the prosecution during closing argument constitutes prosecutorial misconduct and warrants a new trial.

(Docket No. 6, Attachment 2, p. 4 of 177).

On February 7, 2007, Chief Justice Thomas J. Moyer denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question (Docket No. 6, Attachment 2, p. 75 of 177).

**D.**     **RESENTENCING.**

On June 29, 2007, Judge Hollie L. Gallagher found that Petitioner was a sexually oriented offender and for his crimes, imposed the following sentence:

| Counts | Sentence | Concurrent/Consecutive |
|---|---|---|
| 1-7 | Eight years each | Counts 1-7 to run concurrently with each other |
| 8-10 | Three years each | Counts 8-10 to run consecutively to each other and consecutively to the sentence imposed in Counts 1-7. |
| | Total sentence 17 years. | |

(Docket No. 6, Attachment 2, p. 76 of 177).

**E.**     **DIRECT APPEAL OF RESENTENCING JUDGMENT.**

On July 25, 2007, Petitioner perfected a notice of appeal (Docket No. 6, Attachment 2, p. 77 of 177). He presented three assignments of error:

1.     Petitioner was denied due process of law where the trial court more than doubled his sentence after a successful appeal.

    2.      The trial court abused its discretion and violated Petitioner's right to due process and meaningful appellate review when it offered no reasons for imposing its sentence.

    3.      Petitioner's sentence is contrary to law and violates due process because the trial court failed to consider whether the sentence was consistent with the sentence imposed for similar crimes by similar offenders.

(Docket No. 6, Attachment 2, p. 87 of 177).

The court of appeals affirmed the judgment of the trial court on July 7, 2008 (Docket No. 6, Attachment 2, p. 115 of 177).

**F.**    **APPEAL OF THE RESENTENCING JUDGMENT TO THE SUPREME COURT OF OHIO.**

Petitioner filed a notice of appeal to the Supreme Court of Ohio on August 21, 2008 (Docket No. 6, Attachment 2, p. 127 of 177).  A sole proposition was presented in the memorandum in support of jurisdiction:

> A defendant's right to due process of law is violated when after a successful resentencing appeal a resentencing judge greatly increases defendant's prison sentence, without objective grounds justifying such an increase appearing in the record.

(Docket No. 6, Attachment 2, p. 131 of 177).

On January 28, 2009, Chief Justice Moyer denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question (Docket No. 6, Attachment 2, p. 150 of 177).

**G.**    **THE PETITION FOR WRIT OF HABEAS CORPUS.**

Petitioner filed a Petition for Writ of Habeas Corpus on April 27, 2010.  The sole ground for relief is:

> Petitioner was denied due process of law where the trial court more than doubled his sentence after a successful appeal.

(Docket No. 1).

## II. PETITION FOR WRIT-IN CUSTODY STANDARD.

A district court shall only direct a writ of habeas corpus of a person in custody pursuant to a judgment of state law if he or she is in custody in violation of the Constitution or laws or treaties of the United State. *Watson v. Ohio,* 2010 WL 2730929, *2 (N. D. Ohio 2010) (*citing* 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123, 1129 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Id*. at 1129. For prisoners, the warden of the facility in which they are held is the proper custodian. *Id.* (*See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained).

At the time the petition was filed, Petitioner was incarcerated at the North Central Correctional Institution in Marion, Ohio. He is in custody within the meaning of 28 U. S. C. § 2254.

Petitioner's custodian is Respondent warden. The warden has accepted service of process and filed an answer. Accordingly, this Court has personal jurisdiction over Respondent.

Petitioner alleges that the terms of his incarceration violate the Fourteenth Amendment of the United States Constitution. This Court has jurisdiction to issue a writ of habeas corpus.

## III. PROCEDURAL DEFAULT.

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process. *Green v. Andrews,* 2010 WL

1957482, *9 (N. D. Ohio 2010). A "full and fair opportunity" is described as "one complete round of the state's established appellate review process." *Id.* In other words, a habeas petitioner must present his/her claims to each level in the established hierarchy of state appellate review. *Id*

In this case, Petitioner raised the merits of his claim on direct appeal and in the Supreme Court of Ohio following his re-sentencing. Petitioner's sole assignment of error has been exhausted. Since Petitioner's claims have not been procedurally defaulted, the Magistrate proceeds to address the merits of Petitioner's habeas claim.

### IV. HABEAS CORPUS STANDARD OF REVIEW.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the federal courts may not grant habeas relief on any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. *Goodell v. Williams,* 643 F.3d 490, 495 (6th Cir. 2011) (*citing* 28 U.S.C. § 2254(d)).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* (*citing Williams v. Taylor,* 120 S. Ct. 1495, 1523 (2000)).

Under the "unreasonable application" clause, a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case. *Id*. Yet, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. (*citing Williams*, 120 S. Ct. at 1522). Rather, to warrant habeas relief, the application must be found to be "objectively unreasonable." *Id*. (*citing Williams*, 120 S. Ct. at 1521). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings.' " *Id.* at 495-496 (*citing Renico v. Lett,* 130 S. Ct. 1855, 1862 (2010) (*quoting Lindh v. Murphy*, 117 S. Ct. 2059, 2067 (1997)).

In determining whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, a federal court may look only to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision. *Id.* (*citing Lockyer v. Andrade,* 123 S. Ct. 1166, 1172 (2003); *Williams, supra*, 120 S. Ct. at 1523). The "clearly established federal law" is "the governing legal principle or principles set forth by the Supreme Court." *Id.* (*citing Lockye*r, 123 S. Ct. at 1172). "[T]he 'lack of an explicit statement' of a particular rule by the Supreme Court 'is not determinative' of clearly established law, since 'the Court has made clear that its relevant precedents include not only bright-line rules but also the legal principles and standards flowing from precedent.' " *Id.* (*citing Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005) (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002) *cert. denied,* 123 S. Ct. 490 (2002)).

## V. ANALYSIS.

Petitioner contends that the trial court unconstitutionally increased his total sentence from eight years to seventeen years. Respondent argues that Petitioner's seventeen year sentence was lawfully imposed consistent with the body of law established in *North Carolina v. Pearce*, 89 S. Ct. 2072 (1969).

It is a clearly established principle that where a defendant has successfully challenged his or her conviction and then is convicted again on retrial, due process is violated if the sentence imposed on resentencing is influenced by vindictiveness on the part of the sentencing court. *Goodell*, *supra*, 643 F.

3d at 496 (*citing North Carolina, supra*, 89 S. Ct. at 2080). Recognizing that retaliatory motivation could be difficult to prove, the Court held that whenever a more severe sentence is imposed on resentencing, the reasons, based on objective information, must affirmatively appear in the record. *Id*. (*citing North Carolina*, 89 S. Ct. at 2081). The statute has since been read to apply a presumption of vindictiveness which can be overcome by objective information in the record justifying an increased sentence. *Id.* (*citing United States v. Goodwin*, 102 S. Ct. 2485, 2489 (1982) (applying the presumption but finding it rebutted by the sentencing court's careful explanation)).

Seventeen years later, the Court revisited the issue of vindictiveness and the teaching of *Pearce* in *Texas v. McCullough,* 106 S. Ct. 976 (1986). Mr. McCullough was initially convicted of murder and sentenced by the jury to a prison sentence of twenty years. The trial court granted his motion for new trial based on prosecutorial misconduct. *Id.* (*citing McCullough*, 106 S. Ct. at 997). Mr. McCullough had a second jury trial, with the same trial judge presiding. *Id.* After the jury found him guilty, McCullough elected to be sentenced by the trial judge, who sentenced him to fifty years in prison. *Id.* at 496-497. The Supreme Court declined to apply a presumption of vindictiveness for two reasons. *Id.* First, the Court observed that the trial judge herself had granted McCullough's motion for new trial. *Id.* Unlike a judge whose ruling had been reversed by an appellate court, this trial judge was deemed not to have "motivation to engage in self-vindication." *Id.* (*citing McCullough*, 106 S. Ct. at 978). Second, the presumption was deemed "inapplicable because different sentencers assessed the varying sentences that McCullough received." *Id.* (*citing McCullough*, 106 S. Ct. at 979). Moreover, even if the presumption were deemed to apply, the Court held that it had been rebutted by the trial court's findings based on objective information justifying the increased sentence. *Id.*

The *Pearce* presumption of vindictiveness does not apply where the possibility of vindictiveness

9

is highly speculative and the second sentencing judge has no motivation to engage in self-vindication. *Id.* There is a school of thought that when sentences are imposed by different sentencing judges, the presumption does not apply because there has been no real increase in the sentence. *Id.*

Relying on these authorities, the Magistrate concludes that the presumption of vindictiveness does not apply in this case. Judge Pokorny imposed a sentence of eight years. Judge Gallagher imposed the harsher sentence of seventeen years. Because the harsher sentence was made by a different sentencing judge, Judge Gallagher need not set forth her reasons for imposing the enhanced sentence. Since there is nothing in the record of proceedings before Judge Gallagher that raises a hint of vindictiveness, the more severe sentence did not deprive Petitioner of due process of law.

## VI. CONCLUSION

For these reasons, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus (Docket No. 1) and terminate the referral to the undersigned Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: November 16, 2011

## VII. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party

may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.